NOT DESIGNATED FOR PUBLICATION

No. 119,259

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

ERICK ALLEN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Russell District Court; STEVEN E. JOHNSON, judge. Opinion filed October 19, 2018. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2017 Supp. 21-6820(g) and (h).

Before MALONE, P.J., LEBEN and POWELL, JJ.

PER CURIAM: Erick Allen appeals the district court's decision to revoke his probation and impose his underlying prison sentence. We granted Allen's motion for summary disposition pursuant to Supreme Court Rule 7.041A (2018 Kan. S. Ct. R. 47). The State did not file a response. After a review of the record, we affirm the district court.

Allen pled guilty to one count of burglary of a nondwelling, a severity level 7 nonperson felony. The district court sentenced Allen to 21 months in prison but granted him a dispositional departure to probation for a period of 24 months instead. The State subsequently alleged that Allen had violated the terms and conditions of his probation by committing new crimes. At his probation violation hearing, Allen stipulated to violating

1

the conditions of his probation which included committing new crimes in other states. As a result, the district court revoked Allen's probation and ordered that he serve his underlying sentence.

On appeal, Allen argues that the district court erred in revoking his probation and imposing his underlying prison sentence. Once a violation has been established, the decision to revoke probation is within the sound discretion of the district court. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008). Judicial discretion is abused if the action "(1) is arbitrary, fanciful, or unreasonable, i.e., if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law . . . ; or (3) is based on an error of fact." *State v. Jones*, 306 Kan. 948, Syl. ¶ 7, 398 P.3d 856 (2017). This discretion is limited by the intermediate sanctions as outlined in K.S.A. 2017 Supp. 22-3716. Allen bears the burden to show an abuse of discretion by the district court. See *State v. Rojas-Marceleno*, 295 Kan. 525, 531, 285 P.3d 361 (2012).

K.S.A. 2017 Supp. 22-3716 requires that the district court impose intermediate sanctions before revoking an offender's probation. See *State v. Huckey*, 51 Kan. App. 2d 451, 454, 348 P.3d 997, *rev. denied* 302 Kan. 1015 (2015). However, there are exceptions that permit a district court to revoke probation without having previously imposed the statutorily required intermediate sanctions, one of which is if the offender commits a new crime while on probation. See K.S.A. 2017 Supp. 22-3716(c)(8)(A).

Here, it is undisputed by the parties that Allen violated the terms of his probation by committing new crimes. Thus, the district court was entitled to revoke his probation and impose his underlying prison sentences. As Allen fails to persuade us that *no* reasonable person would have taken the view of the district court, we conclude the district court did not abuse its discretion.

Affirmed.